**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 2, 2005[*]
Decided June 2, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 04-1648 & 04-2688

| | |
|---|---|
| DOUGLAS MIDDLETON, *Plaintiff-Appellant,* | Appeals from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 02-C-0882 |
| KIMBERLY RUSSELL et al., *Defendants-Appellees.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

Wisconsin inmate Douglas Middleton suffers from phlebitis, a chronic disease resulting in painful inflammation of leg or arm veins.  Unhappy with the treatment he received at Racine Correctional Institution, he filed this lawsuit against several medical practitioners and prison officials, alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Middleton claimed, among other things, that RCI had changed his medications in order to cut costs and bought him the wrong kind of support stockings.  The district court granted the defendants' motion for summary judgment, holding that RCI had not disregarded Middleton's medical needs, but had in fact taken "exceptional steps" to address

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

them.  Accordingly, Middleton could not establish the mental state necessary to prove deliberate indifference.

On appeal Middleton does not present any specific legal challenge to the district court's conclusions, but merely asserts that he did not receive appropriate medical treatment and that the district court mishandled his case.  Middleton's vague and unfocused presentation lacks citations to the record and accordingly does not comply with Fed. R. App. P. 28(a)(9), which requires even pro se litigants to submit a brief containing cognizable arguments with supporting citations.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  Accordingly, we must dismiss his appeal.

DISMISSED.